**SECOND DIVISION**
**BARNES, P. J.,**
**MCFADDEN and MCMILLIAN , JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. (Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008) http://www.gaappeals.us/rules/**

**February 20, 2013**

# In the Court of Appeals of Georgia

A12A1206. IN THE INTEREST OF J. B., A CHILD.

MCFADDEN, Judge.

The grandmother and guardian of 13-year-old J. B. appeals the order finding that the child continues to be deprived and granting continued temporary custody to the DeKalb County Department of Family and Children Services. The grandmother argues that the evidence does not show that the child is presently deprived. Because clear and convincing evidence supports the juvenile court's finding of present deprivation, we affirm.

On appeal of an order finding a child to be deprived,

we review the evidence in the light most favorable to the juvenile court's judgment to determine whether any rational trier of fact could have found by clear and convincing evidence that the child was deprived. We do not weigh the evidence or determine the credibility of

witnesses; rather, we defer to the trial court's factfinding and affirm unless the appellate standard of review is not met.

(Citations and punctuation omitted.) *In the Interest of I. W.*, 304 Ga. App. 225, 229 (3) (695 SE2d 739) (2010).

Viewed in this light, the evidence shows that on June 2, 2009, when he was nine years old, J. B. was removed from his grandmother's custody because she left him alone while she traveled to Florida. The juvenile court found J. B. to be deprived and placed him in the custody of the DeKalb County Department of Family and Children Services ("DFCS"). The juvenile court adopted a case plan that required the grandmother to complete certain goals in order to regain custody of J. B. One of those goals was to complete family therapy.

In May 2010, the juvenile court extended DFCS custody until May 31, 2011. In May 2011, DFCS filed a "petition for deprivation after first extension." DFCS alleged that the grandmother had completed all of her case plan goals except for the goal that she complete family therapy. In her response, the grandmother conceded that she had not completed family therapy but argued that she would have completed the goal had DFCS timely referred her to a family therapist. She asserted that she now is

attending appointments and cooperating with DFCS and the therapist to complete the goal.

The juvenile court conducted a hearing at which the psychologist who had been counseling the grandmother and J. B. testified. The juvenile court qualified him as an expert in family counseling and in determining parental fitness. The psychologist testified that he had been the family therapist for J. B. and his grandmother since September 2010. The psychologist found that the grandmother and J. B. did not communicate well; that they had not adjusted to the death of J. B.'s mother; and that the grandmother did not acknowledge that her decisions could negatively affect the child. For example, the psychologist explained that J.B.'s mother died when he was three, and he therefore did not have any memories of her. When he began asking about his mother, he was told that she "was on vacation." Finally, when he was nine years old and asked where his mother was, the grandmother took him to his mother's grave site and told him, "Here is your mother." This was the same year the grandmother left the boy home alone while she went to Florida. The child's behavior problems substantially increased from that point. The psychologist concluded that the grandmother had made substantial progress but still demonstrated a need for counseling.

The juvenile court found that J. B. continues to be deprived and granted continued temporary custody to DFCS. The grandmother appealed, arguing that there is no evidence that her grandson is presently deprived, given that she has completed all of her case plan goals.

OCGA § 15-11-2 (8) (A) provides that a child is deprived if he or she "[i]s without proper parental care or control, subsistence, education as required by law, *or other care or control necessary for the child's physical, mental, or emotional health or morals.*" (Emphasis supplied.) "That definition focuses upon the needs of the child regardless of parental fault. The deprivation petition is brought on behalf of the child and it is the child's welfare and not who is responsible for the conditions which amount to deprivation that is the issue." (Citation and punctuation omitted.) *In the Interest of R. C. H.*, 307 Ga. App. 774, 777 (1) (706 SE2d 686) (2011).

The grandmother argues that because she completed her case plan goals, the child is no longer deprived. But the juvenile court found that the grandmother had not completed her case plan goals because she had not completed family counseling, and the evidence supports that finding. *In the Interest of H. J.*, 313 Ga. App. 255, 258 (1) (721 SE2d 197) (2011). Clear and convincing evidence authorized the juvenile court to find that J. B. was currently deprived because he was without the "care . . .

4

necessary for [his] . . . mental[ ] or emotional health." OCGA § 15-11-2 (8) (A). See *In the Interest of H. J.*, supra, 313 Ga. App. at 258 (1) ("Clear and convincing evidence authorized the juvenile court to find that the child was currently deprived" because the father had failed to complete family counseling); *In the Interest of N. Y.*, 246 Ga. App. 723, 726 (542 SE2d 137) (2000) (clear and convincing evidence showed that children's "deprivation would likely continue or would not be remedied in the absence of an extension of temporary legal custody in DFCS to permit the father to complete individual counseling and to participate in family counseling, as appropriate").

*Judgment affirmed. Barnes, P. J., and McMillian, J., concur.*